IN THE UNITED STATES DISTRICT CIRCUIT
MIDDLE DISTRICT OF FLORIDA

**DOLECIEA HEARNS,**               )
                                   )
    **Plaintiff,**             )
                                   )
**vs.**                            )   CASE NO.:
                                   )
**SCHOOL BOARD OF POLK**           )
**COUNTY, FLORIDA,**               )
                                   )
    **Defendant.**             )
_____)

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, DOLECIEA HEARNS, sues the Defendant, SCHOOL BOARD OF POLK COUNTY, FLORIDA, and alleges as follows:

1. This is an action to recover compensation for lost wages, benefits, reinstatement, attorney's fees and costs, and any other compensatory damages or remuneration allowable at law for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act, as amended, ("Title VII") and the Florida Civil Rights Act, §760.01, *et seq.*, Florida Statutes, ("FCRA").

### PARTIES

1. Plaintiff is a resident of Polk County, Florida, and was employed by the Defendant at all times relevant to this action.

2. Plaintiff was an employee of the Defendant as defined by Title VII and within the meaning in the FCRA.

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 2 of 11 PageID 2

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **2** of **11**

3. The Defendant is a governmental entity in the State of Florida and is authorized to conduct business within the geographical jurisdiction of this Court.

4. The Defendant is an "employer" as that term is defined in Title VII and the FCRA.

## JURISDICTION AND VENUE

5. Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in the geographical limitations of this Court.

6. Jurisdiction is appropriate in this Court pursuant to U.S.C. §1331. Supplemental jurisdiction over the state law claims is appropriate in this Court pursuant to U.S.C. §1367.

## FACTS RELEVANT TO ALL COUNTS

7. Plaintiff was hired by the Defendant on or around June 1, 2000.

8. Plaintiff was employed by the Defendant as teacher until the constructive discharge of her employment at the conclusion of the 2022-2023 school year.

9. Prior to being assigned as a teacher, the Plaintiff was assigned as an Assistant Principal at Sleepy Hill Middle School, pursuant to an annual contract, including but not limited to the 2021-2022 school year.

10. On or around November 11, 2021, the Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations (FCHR) and Equal Employment Opportunity Commission (EEOC) against the Defendant, alleging a continuing action of race discrimination. (Ex. 1) In the Charge, the Plaintiff alleges:

   a. She was harassed
   b. She was sent home
   c. She was placed on administrative leave
   d. She was unfairly disciplined
   e. She was wrong reported to law enforcement for failure to report a sexual incident between students
   f. She was told she would be prosecuted related to the incident, and
   g. She was terminated.

11. The Plaintiff had also petitioned for an evidentiary hearing before the Division of Administrative Hearing to contest the allegations against her and recommendation for termination.

12. Other individuals not of the Plaintiff's protected classes were treated more favorably as it relates to the material terms and conditions of their employment.

13. Specifically, but not as a limitation, other employees (non-Black) were also made aware of the same sexual incident between students, and did not immediately report the issue, although they are

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 4 of 11 PageID 4

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **4** of **11**

mandatory reporters. These individuals were not subject to investigation by law enforcement, potential prosecution by the state, investigation by the Florida Department of Education, nor termination of their employment. Notably, the incident has already been reported by the Defendant when the student at issue was attending a different school, prior to her coming to Plaintiff's school, and was investigated by the Department of Children and Families.

14. The Plaintiff's race, Black, was a determining factor in the Defendant's decisions to subject her to the adverse actions, and others not identified above.

15. In or around March 2022, the Defendant approached the Plaintiff and eventually offered her a settlement agreement. (Ex. 2) In the settlement agreement, in relevant part, the Defendant agreed to: Withdraw the recommendation for termination, to reinstate the Plaintiff to a position <u>other than a classroom teacher</u>, and to "work with" the Plaintiff to determine which position she would be placed, starting at the beginning of the 2022-2023 school year. (Id., ¶¶ 1-2) (emphasis added). The Plaintiff agreed to withdraw her request for a DOAH hearing (Id., ¶4) and to resign and not seek employment with the Defendant upon the date she became eligible to retire with thirty years credit in the Florida Retirement System. (Id., ¶3)

16. The settlement agreement further stated that it "fully resolves and concludes all disputed issues arising from this disciplinary

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 5 of 11 PageID 5

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **5** of **11**

action…and all proceeding related thereto." (Id., ¶5) The agreement also included a mutual release. (Id.)

17. The Defendant did not sufficiently "work with" the Plaintiff to place her in a position other than a full time classroom teacher for the 2022-2023 school year.

18. Rather, the Defendant materially beached the agreement and placed the Plaintiff in a full-time classroom teach position for the 2022-2023 school year. This a material breach of contract, nullifying the contract in its entirety. The Plaintiff has still completed all of her duties under the agreement.

19. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

20. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue. (Ex. 3)

### FACTS RELEVANT TO COUNTS II and IV

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 6 of 11 PageID 6

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **6** of **11**

21. The Plaintiff reincorporates Paragraphs 1-20 as if fully written herein.

22. After the Plaintiff became aware that the Defendant had constructively discharged her from her employment, she began to seek alternate employment.

23. The Plaintiff applied to the Hillsborough County School Board for a position.

24. Upon information and belief, and despite the agreement by the Defendant to withdraw the recommendation for termination, the Defendant, or its agents, attempted to interfere with the Plaintiff's efforts to obtain employment with the Hillsborough County School Board.

25. Specifically, Defendant's employee Laura Perkins made negative and false statements about the Plaintiff to the Hillsborough County School Board when it called during the application process, thus hindering the Plaintiff's ability to find gainful employment.

26. After learning of this, the Plaintiff contacted another administrator, who provided a positive and truthful statement to the Hillsborough County School Board.

## COUNT I: DISCRIMINATION BASED UPON RACE
## PURSUANT TO TITLE VII

27. The Plaintiff reincorporates Paragraphs 1-20 as if fully written herein.

28. The Plaintiff is a Black woman.

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 7 of 11 PageID 7

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **7** of **11**

29. The Plaintiff suffered multiple adverse actions, as detailed above.

30. Other, non-Black employee engaged in similar conduct as the Plaintiff but were treated more favorably than the Plaintiff related to the terms and conditions of their employment.

31. The Plaintiff's race was a determining factor in the Defendant's decisions to engage in these adverse actions.

32. The Plaintiff has suffered, and continues to suffer, monetary, emotional, and other harm as a result of the Defendant's conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

    a.    That the Court take jurisdiction over this action;

    b.    That the Court award the Plaintiff her lost pay and benefits caused by the Defendant's unlawful conduct;

    c.    That the Court award the Plaintiff compensatory damages for her mental anguish;

    d.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

<u>COUNT II: DISCRIMINATION BASED UPON RACE</u>

<u>PURSUANT TO THE FCRA</u>

33. The Plaintiff reincorporates Paragraphs 1-20 as if fully written herein.

34. The Plaintiff is a Black woman.

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 8 of 11 PageID 8

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **8** of **11**

35. The Plaintiff suffered multiple adverse actions, as detailed above.

36. Other, non-Black employee engaged in similar conduct as the Plaintiff but were treated more favorably than the Plaintiff related to the terms and conditions of their employment.

37. The Plaintiff's race was a determining factor in the Defendant's decisions to engage in these adverse actions.

38. The Plaintiff has suffered, and continues to suffer, monetary, emotional, and other harm as a result of the Defendant's conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. That the Court award the Plaintiff her lost pay and benefits caused by the Defendant's unlawful conduct;

    c. That the Court award the Plaintiff compensatory damages for her mental anguish;

    d. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

39. The Plaintiff incorporates Paragraphs 1-27 as if fully rewritten herein.

Case 8:23-cv-00985-SDM-NHA   Document 1   Filed 05/04/23   Page 9 of 11 PageID 9

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **9** of **11**

40. As detailed above, the Plaintiff was retaliated against by being treated less favorably than co-workers who had not engaged in a protected activity.[1]

41. The Plaintiff's protected activity was a determining factor in the decision to subject the Plaintiff to different, less favorable terms and conditions of employment. Such conduct violates Title VII.

42. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

   a. That the Court take jurisdiction over this action;

   b. That the Court award the Plaintiff her lost pay and benefits caused by the Defendant's unlawful conduct;

   c. That the Court award the Plaintiff compensatory damages for her mental anguish;

   d. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

---

[1] Although retaliation was not checked on the Charge of Discrimination; the Plaintiff identified the conduct as "ongoing" race discrimination. Further, any retaliation that grows out of the original Charge does not require an additional Charge of Discrimination.

## COUNT IV: RETALIATION IN VIOLATION OF

## THE FCRA

43. The Plaintiff incorporates Paragraphs 1-27 as if fully rewritten herein.

44. As detailed above, the Plaintiff was retaliated against by being treated less favorably than co-workers who had not engaged in a protected activity.

45. The Plaintiff's protected activity was a determining factor in the decision to subject the Plaintiff to different, less favorable terms and conditions of employment. Such conduct violates the FCRA.

46. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff her lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court award the Plaintiff compensatory damages for her mental anguish;

*Hearns v. School Board of Polk County, Florida*, CPLS Case No. 4861-1
Complaint and Demand for Jury Trial; Page **11** of **11**

      d.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

**PRIVATE CORPORATE COUNSEL**
Attorneys|Consultants|Mediators
201 East Pine Street, Suite 445
Orlando, Florida 32801
(407) 647-7887
(407) 647-5396 Fax
CPLS File No. 4861-1
*Attorneys for Plaintiff*

_____
Melissa C. Mihok, Esq.
Florida Bar No. 555851
mmihok@pcc.law
courtefiling@pcc.law