UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOLECIEA HEARNS,

    Plaintiff,

v.                                            CASE NO. 8:23-cv-985-SDM-NHA

SCHOOL BOARD OF
POLK COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

After agreeing to release "any claim, demand[,] or cause of action that may exist relating to[,] or arising out of[,] Hearns'[s] employment with the Polk County School Board[,]" Doleciea Hearns sues the Polk County School Board and alleges that, in violation of Title VII and the Florida Civil Rights Act (FCRA), the School Board discriminated and retaliated against Hearns.  The School Board moves (Doc. 29) to dismiss and separately moves (Doc. 38) for summary judgment.  Hearns responds (Doc. 30) in opposition to the motion to dismiss but fails to respond to the motion for summary judgment.  Because no response appears, the motion for summary judgment is treated as unopposed in accord with Local Rule 3.01(c), but the facts are construed favorably to Hearns.

## BACKGROUND

During the 2021–2022 school year, Hearns, a "Black woman," was an assistant principal at a middle school in Polk County.  (Doc. 23 ¶¶ 9 and 28)  In April

2021, the School Board placed Hearns on administrative leave because of her failure to "report a sexual incident between students."[1] (Doc. 23 ¶¶ 10(a) and 13) Hearns petitioned for an evidentiary hearing, and the School Board changed her "status" from "administrative leave to suspension without pay" and recommended Hearns for termination. (Doc. 23 ¶ 11; Doc. 38 at 2) Hearns filed a charge with the EEOC and the Florida Commission on Human Rights and alleged that she "was harassed, sent home, placed on administrative leave, unfairly disciplined, wrongly reported to law enforcement, attempted to be prosecuted, and notified that [the School Board] is terminating [Hearns's] employment." (Doc. 23-1) According to Hearns, the School Board declined to terminate or discipline other "non-Black" employees (Hearns omits the names or titles of these employees), who allegedly knew about the same "sexual incident." (Doc. 23 ¶ 13)

Hearns and the School Board executed an agreement, in which the School Board agreed to withdraw the recommendation for termination and to pay Hearns backpay and benefits for the time she was suspended. (Doc. 39-1) Hearns agreed to withdraw her request for an administrative hearing and agreed that, upon becoming eligible to retire with thirty years of credit with the Florida Retirement System, Hearns would "resign and [] not seek reemployment as an employee of the Polk County School Board . . . ." (Doc. 39-1) The agreement explains that Hearns's

---

[1] The School Board describes the same "incident" as a failure to report "possible child abuse." But because the facts are construed favorably to Hearns, this order considers Hearns's description of the "incident."

administrative contract "will end [on] June 30, 2022," and that the School Board would "reemploy Hearns at the beginning of the 2022–2023 school year under a teaching contract." (Doc. 39-1) But the School Board agreed to "work with Hearns to place her in a position, other than as a full time classroom teacher for the 2022–2023 school year." (Doc. 39-1) The agreement concludes with a release, which states:

> Hearns and the Administration[2] hereby agree that this Agreement fully resolves and concludes all disputed issues arising from this disciplinary action against Hearns and all proceedings related thereto. Further, the parties hereby agree that each party fully releases the other regarding any claim, demand or cause of action that may exist relating to or arising out of Hearns'[s] employment with the Polk County School Board.

On August 9, 2022, an associate superintendent offered Hearns an "ESE Support Facilitator" position (a position other than a "full-time classroom teacher") at a middle school. (Doc. 39-2 at 4) Hearns asked for a similar position at a middle school closer to her home. (Doc. 39-2 at 4) The associate superintendent informed Hearns of three positions available at her preferred middle school. (Doc. 39-2 at 2) From the three positions, Hearns selected a "Teacher, VE" position. (Doc. 39-2 at 2) The school had two "Teacher, VE" vacancies, a "Teacher, VE – Learning Strategies" and a "Teacher, VE – Transition Unit." (Doc. 39-2 at 1) On August 19, 2022, Hearns selected the "Teacher, VE – Learning Strategies" position. (Doc. 39-2 at 1)

---

[2] The agreement defines "Administration" as "Polk County Public Schools," and one of the School Board's associate superintendents signs the agreement on behalf of "Polk County Public Schools."

The School Board appointed Hearns to the "Teacher, VE – Learning Strategies" position, which is not a "full-time classroom teacher" position. (Doc. 39 ¶¶ 8–9).

On September 30, 2022, Hearns became eligible to retire with thirty years of credit with the Florida Retirement System, but Hearns submitted no resignation. Instead, on November 1, 2022, the School Board sent Hearns an e-mail notifying Hearns that she attained thirty years of service and reminding Hearns of her agreement to resign. (Doc. 39 ¶ 10; Doc. 39-3 at 4) Hearns submitted a letter of resignation on December 15, 2022. Hearns applied to the Hillsborough County School District, where she received a "teaching position." (Doc. 23 ¶ 26) According to Hearns, she was unable to secure an administrative position because a School Board employee "made negative and false statements" about Hearns.[3]

Hearns asserts two claims under Title VII, a discrimination and a retaliation claim, and two claims under the FCRA, a discrimination and a retaliation claim. Hearns alleges that while working for the School Board she was treated less favorably than white School Board employees and that the School Board retaliated against Hearns.

## ANALYSIS

The undisputed facts establish that Hearns released the claims she asserts in this action. A release of claims is interpreted in accord with Florida contract law. *Martinez v. Preferred Care Partners, Inc.*, 223 So. 3d 1117, 1118 (Fla. 3d DCA 2017). If

---

[3] Hearns offers no record material to support this allegation, but Hearns "assume[s]" that the employee acted with "discriminatory and/or retaliatory animus." (Doc. 23 ¶ 26)

an agreement is unambiguous, "the actual language used in the [agreement] is the best evidence of the intent of the parties, and the plain meaning of that language controls." *Anthony v. Anthony*, 949 So. 2d 226, 227 (Fla. 3d DCA 2007). An employee may knowingly and voluntarily release a claim for discrimination or retaliation under Title VII or the FCRA. *Puentes v. United Parcel Serv., Inc.*, 86 F.3d 196, 198 (11th Cir. 1996) (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52 & n.15 (1974)); *See also Saettele v. Maronda Homes, Inc. of Fla.*, 438 Fed. Appx. 749, 750 (11th Cir. 2011) (enforcing a settlement that dismissed with prejudice all claims under Title VII and the FCRA). Several factors inform whether a release is "knowing" and "voluntary." According to *Beadle v. City of Tampa*, 42 F.3d 633, 635 (11th Cir. 1995), the factors include:

> the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

After consulting a lawyer, Hearns, a college-educated person, signed the agreement, which includes an unambiguous release of "any claim . . . that may exist relating to or arising out of Hearns'[s] employment with the Polk County School Board." (Doc. 39 ¶ 2) The release includes "any claim," which includes any discrimination or retaliation claim that is the subject of the charge Hearns filed with the EEOC and the Florida Commission on Human Rights. Hearns accepted backpay and reinstatement as consideration for the agreement and release. Hearns cannot enjoy "both the

benefit of the settlement and the opportunity to continue to press the claim [s]he agreed to settle." *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir. 1984).  Hearns knowingly and voluntarily released her claims against the School Board.  *See Myricks v. Fed. Rsrv. Bank of Atlanta*, 480 F.3d 1036, 1042–43 (11th Cir. 2007).

Attempting to avoid this conclusion, Hearns contends that the School Board "materially breached the agreement" by failing to "work with" Hearns to employ her in "a position other than a full time classroom teacher for the 2022–2023 school year."  This allegation lacks any support in the record.  Rather, the record material shows that, after a discussion with Hearns, the School Board permitted Hearns to select from several positions at her preferred school and that the School Board placed Hearns in her selected position.  No reasonable jury could conclude based on the undisputed material in the record that the School Board breached the agreement.

Also, although unclear, Hearns appears to premise (at least in part) her FCRA claims on a School Board employee allegedly telling the Hillsborough County School District "negative and false statements" about Hearns.  Even if the release were inapplicable to a claim based on this allegation, the record includes no material establishing what the School Board employee allegedly said or what effect the statement had on Hearns.  The record shows that the Hillsborough County School District hired Hearns as a teacher regardless of the alleged statements, and Hearns adduces no record material showing that she otherwise would have received an administrative position with the Hillsborough County School District.  Further, Hearns "only assume[s]" — without support — that any alleged statement was discriminatory or

retaliatory. "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). Based on the material in the record, Hearns cannot establish the elements of either a discrimination or a retaliation claim premised on the alleged statements by a School Board employee. Summary judgment is warranted.

## CONCLUSION

For these reasons and others stated by the School Board, the motion (Doc. 38) for summary judgment is **GRANTED**. The motion (Doc. 29) to dismiss is **DENIED AS MOOT**. The clerk (1) must enter a judgment for the Polk County School Board and against Doleciea Hearns and (2) must close the case.

ORDERED in Tampa, Florida, on April 30, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE